**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| BOYD HINTON,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN BRYANT, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, and JOHN DOES 1-10,<br><br>Defendants. | ) | No. 2:25-cv-13663-DCN<br><br>**ORDER** |

This following matter is before the court on defendants the International Association of Machinists and Aerospace Workers ("IAM") and Brian Bryant's ("Bryant") motion to dismiss, ECF No. 36. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises from a dispute concerning the procedural rights of labor union members. ECF No. 33, 2d Amend. Compl. Plaintiff Boyd Hinton ("Hinton") is a member and former president of the National Federation of Federal Employees Local 1998 ("Local 1998"). Id. ¶¶ 6, 13. Local 1998 is a subordinate, affiliate body of defendant IAM. See id. ¶¶ 6–7.

Bryant is the International President of IAM. Id. ¶ 8. Defendant John Does 1–10 (together, with Bryant and IAM, "Defendants") are various unnamed officers, agents, or representatives of IAM. Id. ¶ 9.

Hinton alleges that from July to December 2025, IAM held Local 1998 in a de facto and unlawful trusteeship. See id. ¶¶ 15–26. On or about July 22, 2025, IAM placed Local 1998 under "direct supervision." Id. ¶ 15. At no time prior had Hinton received charges, disciplinary action, or a hearing concerning his personal conduct or that of Local 1998. Id. ¶¶ 14, 17. On or about December 1, 2025, Hinton received notice from IAM of a membership meeting concerning placing Local 1998 under trusteeship. Id. ¶ 19. The notice did not contain written charges, procedures, or information as to what provisions of the IAM constitution the trusteeship was to be imposed. Id. ¶¶ 20–21. On December 9, 2025, Defendants conducted a proceeding at which Hinton was present but not allowed to participate. Id. ¶¶ 22–24.

On December 10, 2025, IAM filed a Form LM-15 stating that the executive council had decided to place Local 1998 under trusteeship. Id. ¶ 27. On December 13, 2025, IAM issued charges against Hinton from its special trial committee. Id. ¶ 29. On December 22, 2025, IAM initiated an investigation into the conduct of Hinton and Local 1998. Id. ¶ 31. Citing alleged deficiencies in the notice and hearing procedures regarding the imposition of the trusteeship and subsequent investigation, Hinton claims that Defendants violated federal law and the IAM constitution. Id. ¶¶ 1, 33–34.

Hinton originally filed this action pro se on December 9, 2025, ECF No. 1, entered an amended complaint on December 4, 2025, ECF No. 8, and a second amended complaint on January 5, 2026, 2d Amend. Compl. He asserts four claims: (1) breach of contract under the IAM Constitution; (2) violation of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 462, which governs trusteeships; (3) violation of Section 101(a)(5) of Title I of the LMRDA, 29 U.S.C. § 411, which provides certain

due process protections when a union takes disciplinary action against a member that affects their membership rights; and (4) a general request for declaratory relief concerning the validity of the trusteeship and disciplinary proceedings under the Declaratory Judgment Act. Id. ¶¶ 35–46.

IAM and Bryant filed a motion to dismiss Hinton's operative complaint on January 30, 2026. ECF No. 36. Hinton filed a timely response in opposition on February 13. ECF No. 38. IAM and Bryant replied on February 20, 2026. ECF No. 39. As such, the motion is fully briefed and now ripe for the court's review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## III. DISCUSSION

IAM and Bryant argue that the first three causes of action in Hinton's complaint should be dismissed with prejudice, as they fail to state a claim as a matter of law. ECF No. 36-1. They further argue that, based on the dismissal of Hinton's substantive causes of action, the court should dismiss the claim for declaratory relief without prejudice. Id. Hinton argues against dismissal with prejudice and, alternatively, asks the court to grant him leave to amend any deficiencies in his complaint. ECF No. 38. For the reasons that follow, the court dismisses Hinton's first and second causes of action with prejudice and dismisses his third and fourth causes of action without prejudice.

First, the court addresses Hinton's breach of contract cause of action. IAM and Bryant argue that Section 301 of the Labor-Management Relations Act ("LMRA") which provides the court with jurisdiction over "[s]uits for violation of contracts … between labor organizations," applies to Hinton's breach of contract claim. ECF No. 36-1; see also 29 U.S.C. § 185(a). Hinton does not dispute this, thereby conceding that the LMRA does in fact govern this claim. See ECF No. 38; see also Ferdinand-Davenport v. Children's Guild, 742 F. Supp. 2d 772, 783 (D. Md. 2010) (stating that a party who fails to address arguments in opposition to a motion to dismiss abandons their claim); see also Eady v. Veolia Transp. Servs., Inc., 609 F. Supp. 2d 540, 560—61 (D.S.C. 2009) ("The failure of a party to address an issue raised in summary judgment may be considered a

waiver or abandonment of the relevant cause of action."); Sawyers v. United Parcel Serv., Inc., 2019 WL 4305771, at *3 (M.D.N.C. Sept. 11, 2019) (collecting cases showing that "[t]his district and others within the Fourth Circuit agree that failing to respond to an argument constitutes an abandonment of a claim.").

Under Section 301 of the LMRA, a union constitution is a "contract," which must be between "labor organizations" to fall under the LMRA's purview. United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. v. Local 334, 452 U.S. 615, 619 (1981). The LMRA adopts the definition of "labor organization" as used in the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 et seq., which defines the term as organizations "which exist for the purpose, in whole or in part, of dealing with employers," but defines "employer" to explicitly exclude "the United States. . . or any State or political subdivision thereof." 29 U.S.C § 152(3), (5).

While not yet addressed by the Fourth Circuit, other circuits applying these terms have uniformly held that the LMRA does not apply to unions which represent only public sector employees. See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994); Diven v. Amalgamated Transit Union Int'l & Local 689, 38 F.3d 598, 601 (D.C. Cir. 1994); Smith v. Off. & Pro. Emps. Int'l Union, 821 F.2d 355, 356 (6th Cir. 1987).

IAM and Bryant argue that Local 1998 represents only federal employees employed by the Department of State, and thus, Hinton cannot plausibly allege that Local 1998 is a "labor organization" under the LMRA. ECF No. 36-1. Because Hinton does not dispute this and fails to otherwise allege facts sufficient to show Local 1998 is "labor

organization" as defined under the LMRA, the court finds that Hinton has not plausibly alleged a claim for breach of contract under the LMRA. ECF Nos. 38, 39.

For the same reasons, Hinton's second cause of action fails to state a claim as a matter of law. Title III of the LMRDA governs trusteeships established by a "labor organization" over a "subordinate body." 29 U.S.C. § 463. The LMRDA has identical definitions of "labor organization" and "employer" as those contained in the NLRA. Supra p. 5. While not defined in the LMRA, the Fourth Circuit has found the term "subordinate body" to mean a "subordinate labor organization." Kanawha Valley Lab. Council v. AFL-CIO, 667 F.2d 436, 438 (4th Cir. 1996).

IAM and Byrant similarly argue that Local 1998 is not a "subordinate body" because it is not a "labor organization," and therefore submit that Hinton cannot legally state a claim under the LMRDA. ECF No. 36-1. Hinton similarly failed to address any aspect of this argument in his opposition brief, and he makes no allegations that would support Local 1998 being covered under LMRDA. ECF Nos. 38, 39. Therefore, the court finds that Hinton's second cause of action fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 678.

The court now turns to Hinton's third cause of action brought under Section 101(a)(5) of the LMRDA. See 29 U.S.C. § 411(a)(5); see also 2d. Amend. Compl. ¶¶ 42—44. Section 101(a)(5) provides for procedural safeguards for union members; however, it applies "only to suspension of membership in the union; it does not refer to suspension of a member's status as an officer of the union." Finnegan v. Leu, 456 U.S. 431, 438 (1982) (citations omitted).

Hinton's most specific allegation relating to the deprivation of membership rights is that Defendants deprived him of "elected office, authority, and membership rights." 2d. Amend. Compl. ¶ 3. This conclusory statement does not rise to the level of plausibility required to state a claim for relief. See Fed. R. Civ. P. 8(a); see also ACA Fin. Guar. Corp v. City of Buena Vista, 917 F.3d 206, 212 (4th Cir. 2019) ("[S]imply reciting the cause of action's elements and supporting them by conclusory statements does not meet the required standard."). IAM and Bryant argue that Hinton has failed to allege that any of his membership rights in Local 1998 have been affected, and allegations regarding his deprivation of "elected office" are squarely foreclosed by Finnegan and its progeny. ECF. No 36-1. The court agrees. See Finnegan, 456 U.S at 438. Hinton failed to respond to IAM and Bryant's argument in any manner. See ECF Nos. 38, 39. Because Hinton has not alleged the deprivation of any specific membership right and his allegations that he was deprived of elected office are legally insufficient to state a claim under the LMRDA, the court finds that Hinton has failed to state a claim under Section 101(a)(5) of the LMRDA.

Finally, because Hinton has failed to plead legally sufficient claims with respect to each cause of action, the court dismisses Hinton's request for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. See also Marshall Tucker Band, Inc. v. M T Indus., Inc., 238 F. Supp 3d 759, 766 (D.S.C. 2017) ("[C]laims under § 2201 require the Court to have an independent basis of federal jurisdiction, for that statute is unable to create jurisdiction where none otherwise exists.").

Hinton asks the court to grant him leave to amend any deficiencies in his complaint. ECF No. 38. Respecting his first and second claims, giving Hinton the

opportunity to plead additional facts would not cure the deficiency of those claims: Section 301 of the LMRA and Title III of the LMRDA apply only to unions with private sector employees, and Local 1998 is not one. Accordingly, the court dismisses Hinton's first and second claims with prejudice but dismisses his third and fourth claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants IAM and Bryant's motion to dismiss with prejudice as to Hinton's first and second claims and without prejudice as to Hinton's third and fourth claims.

**AND IT IS SO ORDERED**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 29, 2026**
**Charleston, South Carolina**